NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUDHIR PASSI, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 05-3222 (DMC) |
| UNITED STATES OF AMERICA, : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on a petition for writ of habeas corpus relief by Sudhir Passi ("Petitioner"), pursuant to 28 U.S.C. § 2255, to vacate, set aside or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by James B. Nobile, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

I. BACKGROUND

On July 14, 2004, Petitioner pled guilty to introducing at least three illegal aliens to the United States Customs and Border Protection Agency Inspector ("Inspector") for the purpose of enabling these illegal aliens to pay the Inspector with the intent of having him commit fraud on

the United States in violation of Title 18, United States Code, Sections 201(b)(2). (Respondent's Answer at 1). Petitioner's January 26, 2004 plea agreement stipulated that he had a guideline offense level of seventeen (17) pursuant to guidelines section 2C1.1, which includes enhancements for multiple corrupt payments and offenses involving officials in high positions. (Id. at 2). It also included guidelines section 3E1.1, which allows for a three-level downward adjustment for acceptance of responsibility. (Id. at 2). The plea agreement also provided that "the parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party seeks or argues for any departure or adjustment not set forth herein." (Id.) The agreement further provided that by signing the agreement, all parties understand the terms of the agreement and accept the terms and conditions set forth therein. (Id.) Both Petitioner and his attorney signed the agreement on March 26, 2004, after reading the document. (Id.)

The sentencing guidelines contained in Petitioner's pre-sentence report ("PSR") followed the stipulations set forth in Petitioner's plea agreement, indicating Petitioner had an imprisonment range of twenty four to thirty months. (Id.) Petitioner's attorney objected to the PSR assessing equal culpability to Petitioner and others who had been implicated and/or pled guilty to bribing the Inspector. (Id.) Petitioner's attorney argued that his client played a minor role compared to some of the other defendants involved in the crime. (Id. at 2-3).

On March 22, 2005, this Court sentenced Petitioner to twenty four months in prison, a three year term of supervised release, and a $5,000 fine. During the sentencing, Petitioner's attorney again argued that his client was not as culpable as some of the others involved in the scheme. (March 22, 2005 Sentencing Transcript ("Transcript") at 9-10). Counsel for Petitioner

agreed that: (1) his argument should not affect the stipulations in the plea agreement; and (2) the total offense level was seventeen. (Id.) Petitioner's attorney sought a sentence below the guidelines range and requested Petitioner be sent to boot camp instead of prison due to the fact that he came to the United States to assist his niece and to care for his ill mother. (Id. at 13-15). Petitioner's counsel also argued that because Petitioner's sentencing was taking place after United States v. Booker, 543 U.S. 220 (2005), her request for leniency was predicated on the Court's ability to sentence outside the guidelines based on the factors set forth in Title 18, United States Code, Section 3553(a). (Id. at 16). The Court took all of these factors into consideration and denied Petitioner's request for leniency and sentenced him to twenty four months in prison. This Court expressed its sympathy for Petitioner's family but noted that when people choose to break the law they are going to have to suffer the consequences.

      Petitioner did not appeal his conviction and sentence to the Third Circuit. On June 24, 2005, he filed a motion to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, Section 2255, before this Court. Petitioner now argues that he suffered from ineffective assistance of counsel and that his sentence should be corrected.

## II. DISCUSSION

### A. Standard

      A defendant must meet a high standard to be successful on a claim for ineffective assistance of counsel. A defendant making such a claim must first show his attorney's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficiency, a defendant must prove the errors committed by his lawyer were so serious that his attorney failed to function as "counsel" guaranteed by the Sixth Amendment. Id. Second, a

defendant must show that his attorney's deficient performance actually prejudiced his defense.  In order to demonstrate this, a defendant must show his counsel's errors were so egregious, the defendant was deprived of a fair trial.  Id.   A trial is considered fair if the result is reliable.  Id.

A court will consider a lawyer's performance effective if his performance appears reasonable under the prevailing professional norms.  Id. at 688.   Reasonableness is determined by examining a lawyer's performance and considering the information available to the attorney at the time of the trial.  Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991).  It is not judged by "the distorted lense of hindsight." Id.  The reviewing court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and must not second-guess decisions the lawyer made during the trial.  Strickland, 466 U.S. at 689.

### B. Petitioner Fails to show Ineffective Assistance of Counsel

Here, Petitioner argues his counsel performed at a less than a reasonable level of competence during his sentencing hearing by failing to present his "extraordinary familial circumstances to the District Court." (See, Petitioner's Memorandum of Law in Support of his 2255 Motion).   Petitioner argues that because his attorney did not present certain documents to the Court from various doctors which discussed his mother's health and his niece, his attorney's performance was deficient.  (Id.)

Petitioner fails to meet the standard set forth above.  Petitioner's attorney did bring his unfortunate family situation to the attention of the Court and requested the Court to take Petitioner's responsibilities to his niece and his mother's health into consideration when

sentencing Petitioner.  (See Transcript at 9-20).  Petitioner's counsel argued for leniency and requested Petitioner be sent to boot camp instead of prison due to his familial responsibilities.  (Id.)  Petitioner has not shown that the omission of these documents from certain doctors prejudiced his defense, nor has he shown that his attorney's conduct was unreasonable at the time.  In fact, Petitioner's attorney addressed all of the facts contained in these documents before the Court at Petitioner's sentencing.  Petitioner broke the law and now must deal with the consequences of his actions and it is unfortunate that his family must also suffer for his actions.  Petitioner was well aware of his responsibilities when he decided to break the law.

### III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**.  Accordingly, there is no probable cause for appeal and there is no probable cause to issue a certificate of appealability in connection with this decision.  Consequently, the matter is hereby **dismissed**.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:       April 3, 2006  
Original:   Clerk's Office  
Cc:         All Counsel of Record  
            The Honorable Mark Falk, U.S.M.J.  
            File